STATE OF MISSOURI, Respondent, v. JOHN ANDER-
SON, Appellant.*

In the Kansas City Court of Appeals, November 5, 1923.

1. **CRIMINAL LAW: Practice: Where no Briefs Were Filed, Duty of
   Appellate Court to Examine Abstract of Record for Error Therein.**
   Where no briefs were filed by either side in a criminal case, but
   State filed abstract of record, it becomes duty of appellate court to
   examine same for error therein.

2. ————: **Where All Proceedings in Criminal Case are Regular, in
   Absence of Bill of Exceptions, the Judgment Must be Affirmed.**
   Where examination of abstract of record discloses that the informa-
   tion was in due form, sufficiently stating the offense charged, prop-
   erly filed and that defendant was arraigned, pleaded not guilty,
   duly tried, convicted and sentenced, in absence of bill of exceptions,
   the judgment must be affirmed.

*Headnote 1. Criminal Law, 17 C. J., Section 3491; 2. Criminal Law,
17 C. J., Section 3738.

Appeal from Circuit Court of Howard County.—*Hon.
A. M. Walker,* Judge.

AFFIRMED.

*Leon P. Embry* for respondent.

*D. W. Peters* and *Lionel Davis* for appellant.

ARNOLD, J.—This is a prosecution for violation of
the State law with reference to intoxicating liquors.

The prosecution was based upon an information in
four counts charging defendant (1) with the unlawful
selling, (2) having in his possession, (3) giving away and
(4) transporting intoxicating liquor. The court sus-
tained a demurrer to the fourth count and the cause went
to trial on the remaining three.

The information was filed in the circuit court of Moniteau County, and on change of venue, was tried in the circuit court of Howard County. The jury found defendant guilty on each of the three remaining counts and assessed his punishment at a fine of $100. Motions for new trial and in arrest, duly filed, were overruled by the court. Judgment was entered in accordance with the verdict and defendant appeals.

No briefs were filed on either side. The State, however, filed an abstract of the record and motion to affirm the judgment. It becomes our duty, therefore, to examine the abstract of the record for error therein. This examination discloses that the information, in due and proper form, charges the offense mentioned in each count; that the same was filed with all the formalities and requirements of the law; that defendant was duly arraigned, pleaded not guilty, and was duly tried according to law, and that he was convicted and sentenced. Defendant has furnished the proper bond for appeal, but has filed no bill of exceptions. It necessarily follows that the motion to affirm the judgment must be sustained. It is so ordered.

All concur.